<u>NOT FOR PUBLICATION</u>                                        (Doc. No. 23)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                        :
VERONICA GRAVES,                        :
                                        :
                    Plaintiff,          :        Civil No. 10-369 (RBK/KMW)
                                        :
          v.                            :        **OPINION**
                                        :
ANCORA PSYCHIATRIC HOSPITAL,            :
                                        :
                    Defendant.          :
_____        :

**KUGLER**, United States District Judge:

        This matter comes before the Court on the unopposed motion of Ancora Psychiatric

Hospital ("Defendant") to dismiss the Amended Complaint of Veronica Graves ("Plaintiff").

Because the Court finds that Plaintiff's claims under 42 U.S.C. § 1983 are time-barred,

Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted in

part.  Because the Court also finds that Plaintiff's Title VII allegations are so ambiguous that

Defendant cannot reasonably prepare a response, the Court grants Defendant's motion for a more

definite statement of Plaintiff's pleadings, pursuant to Federal Rule of Civil Procedure 12(e).

## I.        BACKGROUND

        In this employment discrimination and unlawful termination lawsuit, Plaintiff seeks both

retrospective monetary damages and reinstatement to her position as a Nursing Clerk Transcriber

at Ancora State Psychiatric Hospital.  Plaintiff appears to allege that she was kept as a

provisional employee for five years, in violation of the New Jersey State Civil Service

Commission rules.  The facts underlying this matter are not set forth in the Amended Complaint

in a manner that is easy to understand, particularly because the Amended Complaint does not

match factual allegations with the legal claims they purportedly support.  Nevertheless, the Court

is able to gather that Plaintiff raises claims of civil rights violations pursuant to 42 U.S.C.

§ 1983,[1] and claims for race discrimination and gender discrimination under Title VII of the

Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e et seq.[2]  Plaintiff's Title VII

claims appear to allege injury due to wrongful termination and a hostile workplace.  See Am.

Compl,. Pl.'s Cert.  Specifically, Plaintiff alleges that she was unlawfully terminated for

discriminatory reasons, that she was "harassed[,] humiliated[,] and berated" by her supervisor,

Doris Vacca, and that she was forced to undergo an additional and extended period as a

provisional employee, in violation of what the Court has gleaned to be the New Jersey Civil

Service Statute, N.J.S.A. 11A:4-13(b).  Am. Compl., Pl.'s Cert.  Despite having pieced together

these allegations, the Court is unable to tease out extremely pertinent facts that would make it

possible for Defendant to respond to Plaintiff's Amended Complaint.  For example, the

Amended Complaint does not indicate approximately when in 2001 Plaintiff was hired or when

in 2007 Plaintiff was terminated, when Plaintiff should legally have expected to become a

certified permanent employee at the hospital, and what specific incidents made up the "hostile

work environment" Plaintiff alleges.

Defendant moves to dismiss Plaintiff's § 1983 claims, pursuant to Federal Rule of Civil

Procedure 12(b)(6), on the basis that they are time-barred, that Defendant is not a "person"

---

[1] Plaintiff also alleges that Defendant acted in violation of due process and the Fourteenth Amendment.  Because the Due Process Clause is contained within the Fourteenth Amendment, the reference is redundant.  Moreover, because the United States Constitution enumerates only rights, as opposed to remedies, claims of constitutional violation against states must be raised through a statutory gateway.  In this case, the appropriate statute is 42 U.S.C. § 1983; consequently, Plaintiff's due process and Fourteenth Amendment allegations are included in Plaintiff's § 1983 claim and the Court treats them accordingly.
[2] Although Plaintiff alleges that she is over 40, see Am. Compl., Pl.'s Certification, an allegation that is often contained in age discrimination claims, here Plaintiff makes no other age-related factual allegations or legal arguments that would permit the Court to construe that an age discrimination claim has been raised.

within the meaning of § 1983, and that Defendant, as a state entity, is immunized from suit by

the Eleventh Amendment, where the state has not waived that immunity or where Congress has

not abrogated it.  Defendant also moves to dismiss Plaintiff's Title VII claims on the basis that

Plaintiff's Amended Complaint fails to allege sufficient facts to plausibly support her claim for

relief.  In the alternative, Defendant moves, pursuant to Federal Rule of Civil Procedure 12(e),

for a more definite statement of Plaintiff's pleading.

## II.      STANDARD

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to

state a claim upon which relief can be granted.  When evaluating a motion to dismiss, "courts

accept all factual allegations as true, construe the complaint in the light most favorable to the

plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff

may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)

(quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a

complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to

"state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct.

1937, 1949, 173 L. Ed. 2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127

S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

To make this determination, a three-part analysis is needed.  Santiago v. Warminster

Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a

plaintiff must plead to state a claim."  Id. (quoting Iqbal, 129 S. Ct. at 1947).  Second, the court

should identify allegations that, "because they are no more than conclusions, are not entitled to

the assumption of truth."  Id. (quoting Iqbal, 129 S. Ct. at 1950).  Finally, "where there are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 129 S. Ct. at 1950). This plausibility determination is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1949. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

### B. Motion for a More Definite Statement of a Pleading

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 824 (4thCir. 1973); Page Steel & Wire Co. v. Blair Eng'g Co., 22 F.2d 403, 407 (3d Cir. 1927).

The prevailing standard employed by district courts in this Circuit is to grant such a motion "when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" Sun Co. v. Badger Design & Constructors, Inc., 939 F. Supp 365, 368 (E.D. Pa. 1996) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practices & Procedure § 1376 (2d ed. 1990)); see Murray v. Gencorp, Inc., 979 F. Supp 1045, 1050-51 (E.D. Pa. 1997); Wood & Locker, Inc. v. Doran & Assocs., 708 F. Supp 684, 691 (W.D. Pa. 1989); Lincoln Labs., Inc. v. Savage Labs., Inc., 26 F.R.D. 141, 143 (D. Del. 1960). Examples where this standard has been met are where the allegations of a complaint are not sufficiently specific to enable a defendant to determine the propriety of interposing in his answer a waivable defense, see Lunderstadt v. Colafella, 885 F.2d 66, 68-69 (3d Cir. 1989); Murray, 979 F. Supp. at 1051, or where, in the absence of certain

4

information peculiarly within the knowledge of the plaintiff, the defendant cannot, in good faith,

answer the complaint  with a general denial, see Lincoln Labs., 26 F.R.D. at 143.

## III.    DISCUSSION

### A. Statute of Limitations for Plaintiff's § 1983 Claims

Defendant moves to dismiss Plaintiff's § 1983 claims on the grounds that they are time-

barred.  "The length of the statute of limitations for a § 1983 claim is governed by the personal

injury tort law of the state where the cause of action arose."  Kach v. Hose, 589 F.3d 626, 634

(3d Cir. 2009) (citing Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973

(2007)). The statute of limitations for a cause of action under § 1983 arising in New Jersey is two

years.  N.J. Stat. Ann. § 2A:14-2.  Moreover, "[f]ederal law governs a cause of action's accrual

date."  Kach, 589 F.3d at 634.  Under federal law, a cause of action accrues "when the plaintiff

knew or should have known of the injury upon which [the] action is based."  Id. (quoting

Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)).  As the Third Circuit

explained in Kach:

> The determination of the time at which a claim accrues is an objective inquiry; we ask not
> what the plaintiff actually knew but what a reasonable person should have known. As a
> general matter, a cause of action accrues at the time of the last event necessary to
> complete the tort, usually at the time the plaintiff suffers an injury. The cause of action
> accrues even though the full extent of the injury is not then known or predictable. Were it
> otherwise, the statute would begin to run only after a plaintiff became satisfied that he
> had been harmed enough, placing the supposed statute of repose in the sole hands of the
> party seeking relief.

Id.  Thus Plaintiff's § 1983 claims were required to have been filed within two years of the "last

event necessary to complete the tort" she alleges.

Plaintiff's § 1983 claims arise out of her being allegedly kept as a provisional employee

for longer than the period allowed for in the New Jersey Civil Service statute, N.J. Stat.

§ 11A:4-16, as well as her alleged harassment and humiliation while employed at Ancora State

Psychiatric Hospital, and her termination.  For the purposes of determining the time at which

Plaintiff's claim accrues, the Court finds that the "last event necessary to complete the tort" was

the termination itself.  Plaintiff's Amended Complaint asserts that she was terminated from

employment at Ancora State Psychiatric Hospital in 2007.  Although Plaintiff has not included

the precise date on which she was terminated, even assuming (as Defendant does) that her

termination took place on the last possible date—December 31, 2007—Plaintiff's § 1983 claim

is nevertheless time-barred.  Plaintiff's original Complaint was filed on January 22, 2010,[3]

meaning that, at a minimum, two years and twenty-three days (or 754 days) lapsed between the

completion of the constitutional tort alleged in this case and the filing of Plaintiff's initial

Complaint.  Therefore, because Plaintiff's § 1983 claims were filed after the two-year statute of

limitations had lapsed, the Court grants Defendant's motion to dismiss those claims.

### B. Plaintiff's Race and Gender Discrimination in Employment Claims

Although the factual allegations of Plaintiff's Amended Complaint are difficult to make

out, Plaintiff does indicate that this lawsuit is brought under Title VII.  Am. Compl.  Moreover,

because Plaintiff indicates that "other males and whites were not subjected to this treatment and

forced to endure two probationary periods," the Court has been able to discern that Plaintiff

alleges race and gender discrimination, and it appears that Plaintiff has raised these claims on a

disparate treatment theory.  Am. Compl., Pl.'s Cert.  However, Plaintiff's Amended Complaint

does not contain any specific factual allegations that would allow Defendant to affirm or deny

Plaintiff's claims.  Plaintiff alleges that she "was harassed humiliated and berated by Doris

Vacca Supervisor," without enumerating or describing any specific alleged instances of

discriminatory treatment.  Am. Compl., Pl.'s Cert.  Moreover, Plaintiff's Amended Complaint

does not indicate the time periods during which Plaintiff was allegedly unlawfully employed as a

---

[3] In fact, the active Complaint in this case is the Amended Complaint, which was not filed until November 16, 2011.

6

"provisional" employee, nor does Plaintiff's Amended Complaint make it clear whether Plaintiff

intentionally draws a distinction between employment under "provisional" status, versus

"probationary" employment.  Finally, Plaintiff claims that, "after noticing [its] mistake,"

Defendant "attempted to repair [its] error by granting plaintiff[] the right to a civil service review

and examination after which she was then certified . . . ."  Am. Compl., 2.  However, Plaintiff

fails to explain when or how Defendant noticed its alleged mistake, and does not state when

Plaintiff's review, examination, and certification should allegedly have taken place, nor when

Plaintiff's review, examination, and certification did take place.

Accordingly, the Amended Complaint does not contain sufficient information that would

allow Defendant to affirm or deny Plaintiff's allegations with any certainty.  The Court therefore

orders Plaintiff to submit a more definite statement of her allegations, and the specific incidents

and facts that purportedly support those legal claims.  Importantly, because Plaintiff does not

clearly match her legal claims with the facts that allegedly underlie them, it is not possible for the

Defendant (or this Court) to determine whether or not Plaintiff has made out a prima facie case

of racial discrimination or gender discrimination under Title VII.[4]  Therefore, Plaintiff's more

definite statement of her allegations should list—numerically—the facts Plaintiff alleges.

Plaintiff should also enumerate (in the same document) the elements of her Title VII claims that

these facts are intended to support.

---

[4] A Plaintiff establishes a prima facie case by showing the following: (1) that she is a member of a protected class; (2) that she is qualified for the position; (3) that she was terminated from that position; and (4) that her termination occurred under circumstances that "give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class." Jones v. School Dist., 198 F.3d 403, 410-11 (3d Cir. 1999). See also Schurr v. Resorts Intern. Hotel, Inc., 196 F.3d 486, 499 (3d Cir. 1999) ("In the Third Circuit, the elements of employment discrimination under Title VII are identical to the elements of a section 1981 claim.").

**IV.     CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED IN PART**, and Plaintiff's § 1983 claims are **DISMISSED**.  Defendant's motion to dismiss Plaintiff's Title VII claims is **DENIED WITHOUT PREJUDICE**, and Defendant's motion for a more definite statement of Plaintiff's Title VII claims is **GRANTED**.  Plaintiff is ordered to file a more definite statement within **fourteen (14) days** of the entry of this Opinion and its accompanying Order.  An accompanying Order shall issue today.


Dated:  3/30/2012                                                 /s/ Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge