NOT FOR PUBLICATION (Doc. No. 27)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
VERONICA GRAVES, :
:
:
Plaintiff, : Civil No.
: 10-369 (RBK/KMW)
v. :
: **OPINION**
ANCORA PSYCHIATRIC HOSPITAL :
:
:
Defendant. :
_____ :

**KUGLER**, United States District Judge:

This matter arises upon Plaintiff Veronica Graves's ("Plaintiff") suit against Defendant Ancora Psychiatric Hospital ("Defendant") alleging violations of the equal employment provisions of Title VII of the Civil Rights Act of 1964 ("the Act"). Specifically, Plaintiff alleges that she was denied certification as a civil service employee and was subsequently terminated on the basis of her race and gender. Plaintiff also alleges that she was the victim of a hostile work environment and was subjected to policies resulting in a disparate impact. Currently before the Court is Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In the alternative, Defendant moves for dismissal for failure to submit a more definite statement. See Fed. R. Civ.

1

P. 12(e).[1]  For the reasons stated below, the Court will grant in part and deny in part Defendant's motion.

I.      **BACKGROUND**[2]

Plaintiff, an African-American woman, was employed as a Nursing Services Clerk at Defendant Ancora Psychiatric Hospital.  She successfully completed the probationary employment period that would allow her to take the civil service exam, become certified in her position, and thereby receive civil service protections.  Despite these circumstances, Plaintiff was not permitted to sit for the civil service exam.  Instead, she was terminated without the opportunity to be certified even though white and male employees were not subjected to the same treatment.

Thereafter, Defendant recognized its apparent error and hired her back in order to remedy the mistake.  Plaintiff, however, was forced to undergo another probationary period during which she did not receive proper training, endured harassment upon re-hiring, and was forced to withdraw all the funds in her pension plan.  Finally, Plaintiff was terminated again before the end of the second probationary period without the requisite notice or regard for her potential civil service seniority.[3]

---

[1] The Court may strike a pleading or issue any other appropriate order when a plaintiff has not obeyed a motion for a more definite statement.  Fed. R. Civ. P. 12(e). However, for the reasons stated herein, the Court finds that Plaintiff's More Definite Statement alleges facts giving rise to a plausible claim of race discrimination.  Thus, the Court will deny Defendant's Rule 12(e) motion.

[2] When considering the sufficiency of the factual allegations in a plaintiff's complaint, the Court, for purposes of deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), assumes such allegations to be true.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

[3] Plaintiff makes reference to a number of dates with regard to her hiring and termination, but it is unclear exactly when she claims the specific instances occurred.  For example, Plaintiff claims she was fired on Saturday, February 5, 2007 but it is unclear if this was the first or second termination date.

Plaintiff first filed her Complaint in this Court on January 22, 2010. Sometime later, the Court denied without prejudice Plaintiff's Title VII claims and ordered her to submit a more definite statement. Graves v. Ancora Psych. Hosp., No. 10-369, 2012 WL 1108505 (D.N.J. Apr. 2, 2012). Shortly after Plaintiff complied with the Court's order, Defendant filed the instant motion to dismiss. The motion presents multiple arguments: (1) Plaintiff's Complaint fails to meet the plausibility pleading standard required under Fed. R. Civ. P. 12(b)(6) with respect to her claims for race and age discrimination, as well as the hostile work environment and disparate impact claims she raised in her more definite statement; (2) Plaintiff's Title VII claims may be time barred; and (3) Plaintiff's claims of discrimination on the basis of gender, national origin and religion are void for failure to exhaust administrative remedies. Following a brief discussion of the proper legal standard by which to consider Defendant's motion, the Court will address each of these arguments in turn.

## II.     DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. Where, as here, a plaintiff brings suit pro se, the Court must construe the complaint liberally in her favor. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir.1992). In such cases, the Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir.1997). Seen in this light, a complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680).[4] Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

### III.     ANALYSIS

#### A.     Legal Sufficiency of Pleadings

##### i.   Race Discrimination Claims

Defendant argues that Plaintiff's complaint does not state a plausible claim of race discrimination. Stating a plausible claim of race discrimination under Title VII does not require pleading according to a rigid formula. E.E.O.C. v. Metal Service Co., 892 F.2d 341 (3d Cir. 1990). Instead, a Title VII plaintiff has met her pleading burden when she offers "evidence adequate to create an inference that an employment decision was based on a discriminatory criterion illegal under the [Civil Rights] Act [of 1964]." Id. With this general principle in mind, the Court looks to recent Title VII cases decided in this Circuit bearing similar facts to the instant claim.

---

[4] Even under the liberal pleading standards afforded a pro se plaintiff, the Court need not credit such a party's "bald assertions" or "legal conclusions." Haines, 404 U.S. at 520-21; Day, 969 F.2d at 42.

First, in Guirguis v. Movers Specialty Services, Inc., an Egyptian-born employee of Arab descent was terminated from his accounting position at a moving company. Guirguis v. Movers Specialty Services, Inc., 346 Fed. App'x 774, 775 (3d Cir. 2009). The employee filed suit, claiming that the company had fired him due to his race and national origin. Id. In granting the moving company's motion to dismiss, the court held that the employee's complaint failed to allege facts sufficient to cross the Twombly and Iqbal plausibility threshold because it lacked any reference to why the employee believed that race and national origin motivated his termination. Id.

Similarly, in Baig v. Nuclear Regulatory Comm'n, a former employee of a federal agency brought suit claiming that he was wrongfully terminated on the basis of his nationality and age. Baig v. Nuclear Regulatory Comm'n, No. 10–0842, 2011 WL 2214660 at *1 (D.N.J. June 6, 2011). The complaint contained references to the fact that the employee was a native of India and over sixty years old but was devoid of further factual allegations. Id. The court granted the agency's motion to dismiss on the grounds that the employee offered only "conclusory assertions" and did not allege any specific acts that would provide a connection between his race and age and his termination. Id. at 4.

On the other hand, in Angrand v. Paragon Village, an employee of a nursing home was fired following an incident in which a patient's relative complained that several employees were "hang[ing] out" in her mother's room. No. 09-1118, 2010 WL 1644132 at *1 (D.N.J. Apr. 22, 2010). The employee, an African-American man from Haiti, alleged that of the employees involved, only he was terminated while the other two employees, both white, were not punished. Id. In addition, the employee alleged other incidents of disparate treatment, specifically referring to an instance in which he was sent home early while white employees were not. Id. In denying

the nursing home's motion to dismiss, the court held that the employee had made specific factual allegations that raised the inference of discrimination.  Id. at 3-4.

In this case, Plaintiff, in her many submissions to the Court, alleges specific facts to support her claim that she was discriminated against on the basis of her race.  Unlike the employees' complaints in Guirguis and Haig, which laid out only bare assertions that the former employees were fired on the basis of their race and national origin, Plaintiff's more definite statement includes at least three specific instances in which she claims she was treated differently than white employees.  Specifically, like the former employee in Angrand, Plaintiff alleges that she was denied opportunities or rights given to white employees with respect to the multiple probationary periods, her not being able to take the civil service exam, and her employer's forcing her to withdraw her pension savings.  Pl.'s More Definite Statement 1-2.  Rather than filing a claim stating simply that she is black and that her termination was the result of her race, as she did in her initial pleadings, Plaintiff now makes the sort of specific factual allegations that raise at least an inference of discrimination.  As a result, Plaintiff's claims of race discrimination meet the plausibility requirements of Rule 12(b)(6).  Thus, Defendant's motion to dismiss this claim will be denied.

  ii.  Age Discrimination Claims

On the other hand, Plaintiff does not allege any facts regarding discrimination on the basis of age.  Plaintiff's Amended Complaint  and More Definite Statement state only that she is over forty; they do not offer any facts as to why her age is related to her termination.  Plaintiff's age discrimination claim therefore does not meet the pleading requirements of Rule 12(b)(6).  Accordingly, Defendant's motion to dismiss will be granted.

  iii.  Hostile Work Environment Claim

6

A plaintiff bringing a hostile work environment claim under Title VII must allege harassment that is severe or pervasive. Burlington Indus. v. Ellerth, 524 U.S. 742, 752 (1998). Specifically, there must exist in the workplace "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" that permeates the workplace. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (quoting Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 65, 67 (1986)). The "objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." Oncale v. Sundowner Offshore Services, 523 U.S. 75, 81 (1998) (quoting Harris, 510 U.S. at 23) (internal quotations omitted).

In this Circuit, in order to establish a prima face case for a hostile work environment based on race, a plaintiff must allege: (1) that the plaintiff experienced intentional discrimination because of his or her race; (2) the discrimination was pervasive and regular; (3) the discrimination had a detrimental effect on the plaintiff; (4) the discrimination would have a detrimental effect on a reasonable person of the same race in the same position as the plaintiff; and (5) the existence of respondeat superior liability. Abramson v, William Paterson College of N.J., 260 F.3d 265, 276-77 (3d Cir. 2001).

In this case, Plaintiff has failed to allege that she experienced a hostile work environment as a result of intentional racial discrimination. In addition, her complaint is devoid of facts showing that the discrimination was pervasive and regular. Cf. Hargrave v. County of Atlantic, 262 F. Supp. 2d 393, 416-18 (D.N.J. 2003). Rather, Plaintiff alleges that she was "written up, harassed, denigrated, embarrassed and publically humiliated" and that such treatment resulted in a "disparate impact." Pl.'s More Definite Statement 2. Nowhere does Plaintiff state that the

7

alleged harassment was based on racial discrimination other than to note that "whites and males" were not treated similarly.  These are the sort of broad and unspecific allegations that fail to satisfy the particular pleading requirements of a Title VII hostile work environment claim.  Thus, Defendant's motion to dismiss this claim will be granted.

    iv.  Disparate Impact Claim

The so-called "disparate impact" claim allows a plaintiff to bring suit under Title VII in order to challenge a discriminatory employment policy without having to prove discriminatory intent.  El v. SEPTA, 479 F.3d 232, 239 (3d. Cir. 2007). As part of her pleading burden, a plaintiff must allege that the employment practice at issue has a discriminatory effect that is not justified by the needs of the defendant's business.  Id.

Plaintiff's Amended Complaint uses the term "disparate impact" to describe the result of the various alleged incidents of discrimination.  Id.  ("[Plaintiff] was… required to endure yet another additional extension of her second probationary period . . . Causing [sic] a disparate impact on the basis of race, color, religion, sex, or national origin.").  However, despite employing this terminology, Plaintiff has failed to plead properly this necessary of a prima facie case for disparate impact discrimination under Title VII.  That is, Plaintiff has not alleged that Defendant implemented or enforced a policy that resulted in a disparate impact on a protected class.  Instead, Plaintiff uses the words "disparate impact" to describe the outcome of certain of Defendant's actions that were specifically directed at Plaintiff: for example, the additional probationary period, the refusal to let Plaintiff take the civil service exam, the requirement that Plaintiff withdraw the funds from her pension, and the refusal to train Plaintiff.  Pl.'s More Definite Statement 1-2.  Thus, although she references discrete *incidents*, she mentions no specific *policies* that resulted in discrimination against members of a protected class.  The failure

8

to do so is fatal to her disparate impact claim.  See SEPTA, 479 F.3d at 239.  Thus, Defendant's motion to dismiss this claim must be granted.

**B.      Timing of Claims**

A Plaintiff bringing a claim under the equal employment opportunity provisions in Title VII must abide by specific procedures.  These statutory requirements are not mere guidelines for plaintiffs in filing claims.  Rather, Title VII "specifies with precision the jurisdictional prerequisites that an individual must satisfy before he is entitled to institute a lawsuit." Alexander v. Garder-Denver Co., 415 U.S. 36, 47 (1974); see also Morgan, 536 U.S. at 109 (noting that the term "shall" in the statutory language "makes the timely filing to a charge within the specified time period mandatory.").  One such rule reads, in relevant part:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law . . . .

42 U.S.C.A. § 2000e-5(e)(1).

In short, as a general matter, a potential plaintiff must file a charge with the Equal Employment Opportunity Commission (EEOC)  within 180 days of the commission of the allegedly unlawful employment practice.  Such practices include termination, failure to promote, denial of transfer, or refusal to hire.  AMTRAK v. Morgan, 536 U.S. 101, 114 (2002).  However, New Jersey is a so-called "deferral state," meaning that the EEOC must initially refer employment complaints arising in New Jersey to the New Jersey Division on Civil Rights.

Cortes v. Univ. of Med. & Dentistry of N.J., 391 F. Supp. 2d 298, 310 (D.N.J. 2005) (citing 42 U.S.C. § 2000e-5(c)). In such cases, the statute provides that a complaint will be timely filed if it is received by the EEOC within 300 days of the alleged violation. Id.

In this case, Plaintiff filed her charge with the EEOC on August 20, 2008. Thus, under the 300 day rule, she is barred from bringing suit concerning allegedly unlawful acts that occurred prior to October 25, 2007. The record is unclear as to when Plaintiff was actually terminated; Plaintiff has included several dates in her submissions without specifying which acts occurred on which dates. For instance, Plaintiff's Amended Complaint states that she was fired on February 5, 2007. Accepting this date would render all of her claims time-barred. However, Defendant's filings with the Court include a copy of the charge Plaintiff filed with the EEOC. Certif. of Ryan C. Atkinson, Exh. 3. This document lists dates of discrimination between February and March 2008. This range does fall within the 300-day time period. Perceiving this ambiguity, and mindful of its duty to construe pleadings liberally in favor of a pro se plaintiff, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court will not, at this early stage in the proceedings, find conclusively that Plaintiff's claims are time-barred. Thus, it will not dismiss Plaintiff's Amended Complaint on this basis.

**C.    Claims of Discrimination on the Basis of Gender, National Origin, and Religion**

Further procedures in Title VII govern the initiation of an employment discrimination claim. Specifically, before filing a court suit, a potential plaintiff must file a charge of discrimination with the EEOC stating the basis of her claim. 42 U.S.C. § 2000e-5(b). If the EEOC does not resolve the matter itself, it will then issue the potential plaintiff a right to sue letter. Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976) (citing 42 U.S.C. § 2000e-5).

When submitting a charge of discrimination to the EEOC, the complaining party indicates in checkboxes the basis for the discrimination (e.g., race, gender, religion). The scope of that party's employment discrimination action under Title VII will then be "defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Ostapowicz, 541 F.2d at 398-99. This means that if a plaintiff wishes to pursue a Title VII claim that she did not explicitly mention in her initial EEOC charge, she must show at least that she used discriminatory terms that are interchangeable with those of her new, unlisted claim such that the EEOC was put on proper notice. See, e.g., Anjelino v. N.Y. Times Co., 200 F.3d 73, 94-95 (3d Cir. 1999) (holding that "abusive," "hostile," "environment," and "atmosphere" have been used interchangeably to describe sexual harassment and that therefore EEOC was on notice of the claim). This liberal construction helps ensure that potentially aggrieved plaintiffs are not foreclosed from bringing a claim due to unreasonable or incomplete investigation by the EEOC. Hicks, 572 F.2d at 966. However, a plaintiff may not bring a Title VII in federal court based on charges she simply never alleged in her EEOC charge. In particular, a charge based on discrimination against one protected class does not encompass other classes merely because the investigation would reveal that the plaintiff is a member of both of those classes. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1999).

Here, Plaintiff's Charge of Discrimination form does not include specific, general, or even inferred references to any other basis of discrimination other than race. The only checkbox selected to describe the basis of discrimination was the one titled "race." Certif. of Ryan C. Atkinson, Exh. 3. More significantly, Plaintiff's comments in the charge include only one sentence describing the basis for discrimination; it is concerned solely with race. Id. Thus, without additional language to put the EEOC on notice of additional bases of discrimination,

11

Plaintiff did not properly file a charge for discrimination based on her gender, national origin or religion.  Accordingly, she failed to exhaust her administrative remedies before filing suit.  See Antol, 82 F.3d at 1296.  The Court will therefore dismiss these claims.

### III. CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part Defendant's motion.  Specifically, Plaintiff has properly plead a claim for race discrimination under Title VII, and the Court, at this early stage in the proceedings, cannot conclusively determine that such claim is time-barred.  Thus, it will deny Defendant's motion to dismiss this claim.

However, Plaintiff's claims for hostile work environment, disparate impact, and age discrimination are legally insufficient.  Thus, Defendant's motion to dismiss them will be granted.  Finally, the Court will grant Defendant's motion to dismiss Plaintiff's claims of discrimination based on age, national origin, and religion for failure by Plaintiff to exhaust her administrative remedies.  An appropriate order shall issue today.


Dated:   12/10/12                                         /s/ Robert B. Kugler       _
                                                         ROBERT B. KUGLER
                                                         United States District Judge